IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

HECTOR JIMENEZ-TORRES,  *
    Petitioner,  *

v.  *

UNITED STATES OF AMERICA,  *  CIVIL NO. 07-1334 (PG)
    Respondent,  *  (Related to Crim. No. 00-098(PG))

## OPINION AND ORDER

Petitioner Hector Jimenez-Torres (hereinafter, "Petitioner" or "Petitioner Jimenez-Torres") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence (D.E. #1).[1] The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255 (D.E.# 6). Petitioner filed a Reply to the Government's response. (D.E. # 11) and a Supplemental Motion (D.E. #12). For the reasons stated below, Petitioner Jimenez-Torres' motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

Petitioner along with another five (5) co-defendants was the subject of a seven (7) Count Indictment rendered on April 26, 2000 (Crim D.E. #2).[2] The counts of conviction charged aiding and abetting to interfere with interstate commerce, and aiding and abetting to commit first degree murder. Count One charged that on or about July 9, 1997, Petitioner, aided and abetted by others interfered with commerce by threats or violence in violation of 18 U.S.C. Section 1951(a)(2) and (2). Count Two charged Petitioner with knowing, wrongful and unlawful use of a firearm during and in relation to a crime of violence, that affected interstate commerce by robbery and in the course of the violation caused

---

[1] D.E. is an abbreviation for docket entry number.

[2] Crim. D.E. is an abbreviation for docket entry number.

Civil No. 07-1334 (PG)            Page 2

the death of Carlos Flores Rodriguez through the use of a firearm, in violation of 18 U.S.C. Section 924(j)(1) and 2.

On August 6, 2002, Petitioner was found guilty by a jury trial as to Counts One and Two of the Indictment (Crim. D.E. #271). Sentencing was held on November 22, 2002 (D.E. #300). Based on a total offense level of forty three (43) and a Criminal History Category of Four (IV), the Court imposed concurrent terms of imprisonment of two hundred forty (240) months as to Count One, and life imprisonment as to Count Two. Concurrent supervised release terms of three (3) years as to Count One, and of five (5) years as to Count Two, and a special monetary assessment of two hundred dollars ($200) were also imposed.

Petitioner appealed and on January 11, 2006, judgment was entered affirming conviction.[3] No certiorari was filed from judgment. Defendant Jimenez-Torres petition for relief was signed on April 9, 2007 and filed on April 20, 2007. The Government conceded in its Response that the Petition had been timely filed based on the date of the signing of the petition therefore, the Court will proceed to evaluate the merits of said petition.

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner Jimenez-Torres makes claims of ineffective assistance of counsel against his trial and appellate attorneys. He alleges: a) a variance between the indictment and the evidence presented at trial; b) lack of subject matter jurisdiction. He also alleges that his appellate counsel failed to raise the variance and lack of jurisdiction issue on appeal, and failed to advise him of his right to file for a writ of certiorari.

### A. Claim of Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687. But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably

---

[3] United States v. Jimenez-Torres, 435 F.3d 3 (1st Cir. 2006).

effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991) (citation omitted), cert. denied, 502 U.S. 1079.

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient and that the deficiency prejudiced the defense. Stickland, 466 U.S. at 687. In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Id. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy." Id. at 689. In order to show prejudice, a petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard. Evitts v. Lucy, 469 U.S. 387 (1985). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel is not required to raise every non-frivolous claim, but rather select among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, it is difficult to demonstrate that counsel was incompetent. Smith v. Robbins, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel in these circumstances, a petitioner must show that the omitted issues were clearly stronger than those counsel chose to assert. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986); Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir.2002).

### A. Claim of Variance

In the present case, Petitioner alleges that the evidence presented at trial differed of the conduct charged in the Indictment. Petitioner presents this claim with unsustainable allegations contrary to the record of the case. He fails to cite the record in order to sustain his claim. Conclusory and vague

Civil No. 07-1334 (PG)                                                         Page 4

assertions of prejudice, such as the ones presented by Petitioner are insufficient to satisfy Strickland's prejudice standard. Furthermore, on appeal the Court determined that there was sufficient proof that the robbery affected interstate commerce. In relation to the firearm the Court held that the jury verdict finding Petitioner guilty as charged was adequate to support conviction for using a firearm in connection with a felony that resulted in death.

> Moreover, even if one of the government's effect on commerce theories was inadequate to independently trigger the Hobbs Act, the effects taken together suffice to establish federal jurisdiction. The government proved that, as a result of Jimenez's conduct, the assets of a business engaged in interstate commerce were depleted and the business was forced to close permanently. See Vega Molina, 407 F.3d 511 (1st Cir. 2005) (aggregating effects on commerce to conclude that the government established Hobbs Act violation). Jiménez may not have intended to cause these effects but his intent is irrelevant to establishing the commerce element of a Hobbs Act offense. See United States v. Moore, 363 F.3d 631, 638 (7th Cir. 2004), *vacated on other grounds sub nom.*, 543 U.S. 1100, 125 S.Ct. 1019, 160 L.Ed.2d 1001 (2005); United States v. Shareef, 190 F.3d 71, 75-76 (2nd Cir.1999). In sum, wether the government's theories are considered individually or in tandem, there was sufficient proof that the robbery affected interstate commerce.
> 
> The indictment unambiguously charged Jiménez with violating section 924(j)(1). It also, as a matter of law, charged him with the lesser-included offense of using a firearm during a federal crime of violence in violation of 18 U.S.C. section 924(c)(1)(A). See United States v. Motley, 940 F.2d 1079, 1082 (7th Cir. 1991) ("A lesser-included offense is ... by definition included in an indictment charging a greater offense.").
> 
> While Jiménez indictment included the lesser-included offense, no lesser-included-offense instruction was given to the jury. The court instructed that Jiménez was charged with "aiding and abetting others in using a firearm during and in relation to a crime of

violence; specifically that crime of violence being to affect interstate commerce by robbery and in the course of that offense unlawfully causing the death of Carlos Flores-Rodríguez." (Emphasis supplied). In light of this instruction specifically referring to Flores' death, and the absence of a lesser-included offense instruction, the court did not plainly err in interpreting the jury's verdict as constituting a conviction under section 924(j)(1).

United States v. Jiménez-Torres, 435 F3d at 9-10.

In light of the Appeals Court determination, and since Petitioner Jimenez-Torres has not established that there was a variance between the charge and the evidence presented at trial, Petitioner's claim of ineffective assistance of counsel as to this matter fails.

**B. Claim of Subject Matter Jurisdiction**

Petitioner challenges the District Court's subject matter jurisdiction over the Hobbs Act violation. The challenge is based on the concurring opinion issued on direct appeal by Honorable Circuit Judge Torruella. United States v. Jiménez-Torres, 435 F.3d at 13.

Petitioner's challenge of lack of subject matter jurisdiction is frivolous. First, the issue was not raised on appeal. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under section 2255. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Neither habeas corpus, nor a Section 2255 petition is a substitute for an appeal. Hill v. United States, 368 U.S. 424 (1962). Secondly, even if subject matter jurisdiction of the District Court under the Hobbs Act had been raised on appeal, the argument would have been rejected as the Court has acknowledged that it is bound by precedent. United States v. Rodriguez-Casiano, 425 F.3d 12, 15 (1st Cir. 2005) (finding the robbery of business proceeds from the home of a business owner to be sufficient nexus with interstate commerce under the Hobbs Act); United States v. Nguyen, 246 F.3d 52, 54-55 (1st Cir. 2001) (same). Therefore, Petitioner's claim of lack of subject matter jurisdiction fails.

Civil No. 07-1334 (PG)                      Page 6

### C. Claim of Ineffective Assistance on Appeal

Petitioner alleges that appellate counsel was ineffective because she failed to raise subject matter jurisdiction on appeal, and also failed to advise him of his rights to file a petition for a writ of certiorari. Petitioner's claims lack merit.

As stated earlier, claims of ineffective assistance of appellate counsel are measured under the Strickland standard. In the instant case a different counsel represented Petitioner on appeal. If counsel opted not to challenge subject matter jurisdiction under the Hobbs Act, the decision fell within counsel's sound discretion.

Moreover, the issue of jurisdiction had been previously raised and rejected on direct appeal by a co-defendant. United States v. Cruz-Rivera, 357 F.3d 10 (1st Cir. 2004). Consequently, it would have been an exercise in futility to attempt to revisit the issue. United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999).

Since Petitioner has not shown that appellate counsel was ineffective for failing to raise subject matter jurisdiction on appeal, his claim of ineffective assistance of counsel as to this matter fails.

Petitioner asserts that appellate counsel failed to advise him of his right to seek further review by filing a petition for certiorari. This argument is also without merit.

In the case at bar, Petitioner cannot make a showing of prejudice since he was not deprived of his appeal rights. Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000). Even if appellate counsel's failure to file for certiorari review in accord with the CJA is considered objectively unreasonable, a petitioner must still show prejudice from counsel's failure to advise him of, and pursue the possibility of certiorari review. United States v. Eisenhardt, 10 F. Supp.2d 521, 523 (D.Md. 1998). Furthermore, the Supreme Court has explicitly held that the failure to file a petition of discretionary review cannot constitute

Civil No. 07-1334 (PG) Page 7

cognizable ineffective assistance of counsel, and, thus, such a failure cannot constitute cause sufficient to excuse a procedural default. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

Since Petitioner has not shown that appellate counsel was ineffective for failing to advise him of his right to file an appeal, his claim of ineffective assistance of counsel as to this matter fails.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Petitioner **Hector Jimenez-Torres** is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner **Hector Jimenez-Torres'** request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 1) be **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 be **DENIED**.

### IV. CERTIFICATE OF APPEALABILITY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253 (c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2010

JUAN M. PEREZ-GIMENEZ
Senior United States District Judge